**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**FRED HARRIS,**

                              **Plaintiff,**

   vs.                                                  **9:14-cv-436**
                                                                         **(MAD/DEP)**

**DEP. BROWN, SUPERINTENDENT
LAVALLEY, and SERGEANT CROSS,**

                              **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**FRED HARRIS
11-A-1870**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**       **NICOLE E. HAIMSON, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this action pursuant to 42 U.S.C. § 1983, alleging a deprivation of his civil rights. In his amended complaint, Plaintiff alleges that Defendants failed to protect him from known harm and, as a result, he was attacked by another inmate. *See* Dkt. No. 18. Plaintiff contends that, as a result of their conduct, Defendants violated his Eighth Amendment rights. *See id.*

In their motion to dismiss, Defendants argue that the amended complaint is subjected to dismiss because it fails to plausibly allege that any of them were personally involved in the alleged conduct and because it fails to adequately plead an Eighth Amendment claim for failure to protect. *See* Dkt. No. 42. Plaintiff has opposed the motion, *see* Dkt. No. 48, and Defendant have replied in further support. *See* Dkt. No. 49.

In a May 17, 2016 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendants' motion and dismiss Plaintiff's amended complaint with leave to amend. *See* Dkt. No. 50. Specifically, Magistrate Judge Peebles found that Plaintiff's amended complaint "contains only conclusory allegations to the effect that each of the defendants was or should have been aware of a risk of harm to plaintiff based upon his prior gang affiliation, but nonetheless failed to protect him from an inmate assault." *Id.* at 15-16. As such, the Report and Recommendation found that Plaintiff failed "to allege facts plausibly suggesting that he was subjected to an unreasonable risk of harm, or that each of the defendants was aware of but disregarded that risk[.]" *Id.* at 16.[1]

On May 20, 2016, Plaintiff filed objections to the Report and Recommendation. *See* Dkt. No. 51. In his objections, Plaintiff argues that he has already opposed the motion to dismiss and implies that Magistrate Judge Peebles failed to consider this opposition. *See id.* at 1. Attached to his objections, Plaintiff has included his previous opposition to the motion to dismiss, as well as other exhibits previously filed with the Court. *See id.* at 3-24.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed

---

[1] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Peebles' Report and Recommendation. Dkt. No. 50.

2

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Peebles' Report and Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Peebles correctly determined that the Court should grant Defendants' motion and dismiss the amended complaint with leave to amend. First, contrary to Plaintiff's contentions, Magistrate Judge Peebles

3

clearly considered Plaintiff's opposition to the motion to dismiss. *See* Dkt. No. 50 at 5 ("Plaintiff has since submitted papers in opposition to defendants' motion"); *id.* at 12 ("In opposition to defendants' motion, plaintiff urges the court to find that a grievance filed by him in February 2013, identified by him as 'CL 63540-13,' should have made defendants aware of the fact that he was exposed to danger while confined at Clinton. Dkt. No. 48 at 2-4. Plaintiff does not, however, elaborate regarding the contents of the grievance, including to whom he addressed the grievance and/or the specific allegations contained therein"); Dkt. No. 50 at 12 ("Plaintiff also cites a letter he sent to defendant Brown as a basis for Brown's alleged awareness of the risk of harm faced by plaintiff") (citing Dkt. No. 48 at 4; Dkt. No. 48-1 at 7-13). As such, contrary to Plaintiff's allegations, Magistrate Judge Peebles fully considered Plaintiff's opposition to Defendants' motion to dismiss.

Further, the Court finds that Magistrate Judge Peebles correctly determined that Plaintiff's amended complaint fails to state a plausible Eighth Amendment claim against any of the named Defendants. In an entirely conclusory fashion, the amended complaint alleges that Defendants were aware of a "serious safety and security" risk to Plaintiff "related to [his] former gang membership" based on "information brought to [Defendants'] attention on numerous occasions by the plaintiff and available in computerized records[.]" Dkt. No. 18 at 3-4. Plaintiff fails to provide any facts from which it could be reasonably inferred that each Defendant was aware of either Plaintiff's former gang affiliation or any danger present as a result of his alleged gang history. Moreover, the Report and Recommendation also correctly concluded that Plaintiff failed to provide facts plausibly suggesting that, because of his gang affiliation, Plaintiff's safety was jeopardized by being placed in general population at Clinton Correctional Facility. As such, the

4

Court finds that Magistrate Judge Peebles correctly determined that the Court should grant Defendants' motion to dismiss Plaintiff's amended complaint.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 42) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that any proposed second amended complaint must be filed within **THIRTY (30) DAYS** from the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to filed a proposed second amended complaint within thirty (30) days from the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2016
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge